**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000004
08-SEP-2022
08:07 AM
Dkt. 56 SO**

NO. CAAP-19-0000004


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, Plaintiff-Appellee, v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI CONDOMINIUMS,
Defendant-Appellant, and JOHN C. PATTERSON;
FENNY J.M. PATTERSON; WAIKOLOA VILLAGE ASSOCIATION;
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 18-1-011K)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Defendant-Appellant Association of Apartment Owners of

Elima Lani Condominiums (**Association**) appeals from the Circuit

Court of the Third Circuit's December 11, 2018 "Findings of

Fact, Conclusions of Law and Order Granting [Plaintiff-Appellee

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust's (**Bank**)] Motion for Summary Judgment Against All

Defendants and for Interlocutory Decree of Foreclosure" and Judgment.[1]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Association's points of error below, and affirm.

(1)  Association contends that the "circuit court committed reversible error when it purportedly vested the Commissioner with and divested the Association of equitable title to the Property owned by the Association."  However, nowhere in its December 11, 2018 order or judgment did the circuit court purport to "vest" the Commissioner with title to the subject property.  See Bank of New York Mellon v. Larrua, 150 Hawaiʻi 429, 445 n.18, 504 P.3d 1017, 1033 n.18 (App. 2022).

(2)  Association contends that

> The circuit court committed reversible error when it agreed with Lender that the right to possess and collect rental income from the Property was within the Commissioner's discretion upon the entry of the [motion for summary judgment] Order, and ordered the Commissioner "to take possession and control of the Property" owned by the Association, including the collection and retention of rents.

We hold that the circuit court did not abuse its discretion by ordering the Commissioner "to take possession and control of the Property, including but not limited to collecting rental payments[.]"  These duties are "standard practice . . . to

_____

[1]  The Honorable Robert D.S. Kim presided.

facilitate a foreclosure sale and ensure preservation of the Property for the subsequent purchaser, after the entry of the foreclosure decree and judgment." Id. at 441, 504 P.3d at 1029. Further, "[u]nder Hawaiʻi law, a judgment entered on a foreclosure decree is a final determination of a foreclosed party's ownership interests in the subject property . . . notwithstanding that further proceedings are necessary to enforce and otherwise effectuate the foreclosure decree and judgment." Id. at 431, 504 P.3d at 1019.

Based on the foregoing, we affirm the circuit court's December 11, 2018 "Findings of Fact, Conclusions of Law and Order Granting [Bank's] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" and Judgment.

DATED:  Honolulu, Hawaiʻi, September 8, 2022.

| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
|---|---|
| R. Laree McGuire,<br>Defendant-Appellant. | /s/ Katherine G. Leonard<br>Associate Judge |
| Robin Miller,<br>Charles R. Prather,<br>Ken Ohara, and<br>Peter T. Stone,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |